IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

FELICIA PRINCE,

    Plaintiff,

Case No.: _____

vs.

MELWOOD NURSING CENTER, LLC,
d/b/a Life Care Center of Melbourne,
a Foreign Limited Liability Company,

    Defendant.
_____/

### Complaint for Damages

Plaintiff, FELICIA PRINCE, sues Defendant, MELWOOD NURSING CENTER, LLC, a Foreign Limited Liability Company, and alleges:

### Introduction

1. This is an action by FELICIA PRINCE, (hereinafter, "Plaintiff"), a former Licensed Practical Nurse (LPN) for Defendant at one of its facilities, Life Care Center of Melbourne (LCCM) (hereinafter "Defendant" or LCCM) for discriminating against her because she is African-American, and retaliating against her for initiating a charge of discrimination pursuant to Defendant's internal Equal Employment Opportunity (EEO) policy. Plaintiff sues on the grounds that she has been discriminated against intentionally on the basis of race in violation of 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e, *et seq*. Plaintiff also sues on the grounds that the Defendant has retaliated against her for initiating an informal complaint of discrimination, in violation of both 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e, *et seq*. Plaintiff seeks compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, back pay and any other intangible

Exhibit A

injuries. Plaintiff also seeks reinstatement, or front pay in lieu thereof as well as her attorneys' fees and litigation expenses.

**Jurisdiction and Venue**

2. This action arises under 42 U.S.C. §§1981 and 1988, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e, *et seq*. Jurisdiction is founded on 42 U.S.C. §§1988 and 2000e-5(f)(3) and 28 U.S.C. §§1331 and 1343 (3) and (4). The court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. §§2201 and 2202.

3. This is an action for damages in excess of $15,000, exclusive of costs and interest.

4. Venue is proper in Brevard County because the claim arose there and that is where the Defendant may be found.

**Parties**

5. Plaintiff at all times material was employed by Defendant as a LPN. Plaintiff is protected by 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e, *et seq.*, because she is African-American, a citizen of the United States, because she complained about unlawful racial discrimination, and because she filed an internal charge of discrimination pursuant to Defendant's internal EEO policy.

6. Defendant is and was, at all times material:

    a. an "employer" as defined by 42 U.S.C. §2000e(b), and

    b. an entity that employs more than 500 employees, as envisioned by 42 U.S.C. §1981a(b)(D).

7. Defendant's employees who directly supervised the Plaintiff, or who were responsible for the adverse action and retaliation endured by Plaintiff were Felicia Johnson, Unit Coordinator, Maria Zomchek, Director of Nursing, Aaron Preston, Executive Director, and Susann

Seltzer, Director of Compliance, were at all times material, respectively, and/or still were "employers" as envisioned by both 42 U.S.C. §2000e(b) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e, *et seq*. At all times material, all of the aforementioned individuals acted towards the Plaintiff under color of state law. At all times material, all of the aforementioned individuals were acting within the scope of their authority as a management employee of Defendant, which knew of and ratified all of the actions and its subordinates. All further references to Defendant shall include references to all of the aforementioned individuals.

### Compliance With Procedural Requirements

8. Plaintiff, on or about October 28, 2014, mailed a completed charge of discrimination to the Equal Employment Opportunity Commission in Miami, which was delivered to the EEOC on October 30, 2014, and then later processed as received by the EEOC on October 31, 2014.

9. On February 29, 2016, the EEOC issued a notice of right to sue.

### General Allegations

10. Defendant employed Plaintiff as a LPN at is nursing and rehabilitation facility known as Life Care Center of Melbourne (LCCM) from July 26, 2013 through July 14, 2014.

11. On or about February 8, 2014, Plaintiff requested an employment reference from her then unit manager, Felicia Johnson, who is white. In response, Ms. Johnson stated to Plaintiff: "Why, are you moving? You're not running out on your rent? I know how you people are."

12. Approximately one week after the incident described in paragraph 11 above, because the Plaintiff was offended by the comment of her unit coodinator, she attempted to adjust her work schedule to that she would not have to work with Ms. Johnson.

13. Soon thereafter, Ms. Johnson was working at Plaintiff's new unit and stated to the Plaintiff: 'I don't know why they get us confused because you're hood. You're ghetto." Plaintiff

then reported this racial harassment to the Director of Nursing, Maria Zomchek. Ms. Zomchek told the Plaintiff, "Don't listen to what other people say." The Director of Nursing did not take any other action.

14. Shortly thereafter, because the Plaintiff was not satisfied with the Zomchek's response, she next reported the racially insensitive comment to the Executive Director, Aaron Preston. Mr. Preston advised Plaintiff that he believed that Ms. Johnson did not have any malicious intent and therefore did not issue a corrective action.

15. On or about March 2014, shortly after Plaintiff's complaints about inappropriate racial comments made by her unit coordinator, and shortly after she complained to the Executive Director because the Director of Nursing brushed off her complaint, Plaintiff applied for the position of Day Shift Nurse, for which she was duly qualified. Two other applicants who were Caucasian, applied for the same position, were less tenured and less qualified and did not meet the posted criteria for the position. Notwithstanding, the position was given to one of the less-qualified Caucasian applicants.

16. Via a document that is dated May 6, 2014, as a result of Plaintiff's complaints about her unit coordinator's racially insensitive comments, Felicia Johnson was issued a corrective action. Thereafter, Ms. Johnson was required to complete a cultural diversity training education program, which she certified as complete on a document that purports to be dated May 12, 2014.

17. On or about May 13 2014, Plaintiff reported that her initials were falsified on a medical record and made a written report to Maria Zomchek. Plaintiff's report of this incident resulted in the issue being brought up to Aaron Preston, Executive Director. Plaintiff advised Preston that she believed another nurse was responsible for the forgery. Preston knew the nurse,

who is Caucasian, and then instructed Plaintiff to falsify the record by admitting to signing the initials in error, which Plaintiff refused to do.

18. On or about May 16, 2016, Plaintiff utilized Defendant's EP Call Center to report the incident concerning her initials being forged on a medical record which resulted in the administering of medication to a patient. During this same call, Plaintiff also reported the insensitive racial comments that were made to her by the unit coordinator. In addition, Plaintiff also reported that Maria Zomchek, Director of Nursing, was rude and aggressive towards her when she originally reported the forgery incident to her.

19. On May 22, 2016, six days after Plaintiff called Defendant's Ethics Point Call Center (LCCM compliance hotline) with ethical and EEO concerns, Plaintiff was written up for not signing a Medication Authorization Record (MAR) at the time that medications were administered and for failing to document a situation where a resident was sent out of the hospital. Plaintiff refused to sign the write up because she felt she was being singled out in retaliation for her complaints.

20. On May 30, 2016, Plaintiff was suspended pending investigation related to the MAR issues. In response, Plaintiff reported to the Compliance Director that she felt that she had been targeted by the administration and placed on suspension in direct retaliation since reporting racial discrimination and falsification of medical records.

21. On June 3, 2014, Plaintiff was written up as a result of the incidents concerning the MAR that occurred on or about May 22, 2014. In addition to this write up, the Compliance Director initiated another investigation alleging that Plaintiff took MAR's home with her in violation of HIPAA. Notably, the Compliance Director based this investigation on the representation of Maria Zomchek, one of the individuals whom the Plaintiff complained about in her Ethics Point

complaint. Plaintiff refused to sign the write up because she felt she was being singled out in retaliation for her complaints.

22. On or about July 8, 2014, Plaintiff was again suspended pending investigation related to another MAR issue, specifically: dispensing medication without a physician's order. Plaintiff denied dispensing the medication and maintained that she was being set up by her supervisors and administrators for termination.

23. Six days later, on or about July 14, 2014, Plaintiff was terminated.

24. Defendant's employment actions outlined in ¶¶11-23 above were motivated by Plaintiff's race and retaliation against the Plaintiff for opposing unlawful discrimination.

25. The actions of the Defendant have affected Plaintiff in the compensation, terms, conditions and privileges of her employment because she was harassed, denied a favorable shift-change, and ultimately terminated.

26. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

27. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. §2000e-5(k) and 42 U.S.C. §1988.

### COUNT I/42 U.S.C. §1981/Race Discrimination

28. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of ¶1 through ¶27 above.

29. Defendant's conduct, as more particularly alleged above, constitutes purposeful discrimination against Plaintiff based on her race and/or national origin and violates her statutory rights under 42 U.S.C. §1981.

WHEREFORE, Plaintiff prays that this Court will:

A.  Issue a declaratory judgment that Defendant's practices toward Plaintiff violated her rights under 42 U.S.C. §1981

B.  Grant judgment for her and against Defendant for damages.

C.  Grant her the cost of this action, including a reasonable attorney's fee pursuant to 42 U.S.C. §1988.

D.  Grant such other and further relief as is just.

### COUNT II/42 U.S.C. §1981/Retaliation

30. Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of ¶1 through ¶27 above.

31. The conduct more specifically alleged above violated Plaintiff's rights against retaliation for opposing unlawful employment actions, which retaliation is proscribed by 42 U.S.C. §1981.

32. Plaintiff, as a victim of a violation of her statutory rights to contract the same as non-African-Americans, has suffered irreparable harm, for which she has no plain, adequate, or complete remedy at law.

WHEREFORE, Plaintiff prays that this court will:

A.  Issue a declaratory judgment that Defendant's practices toward Plaintiff violated her rights under 42 U.S.C. §1981;

B.  Enjoin Defendant to remedy the retaliation against Plaintiff, by paying her back pay; paying pre-judgment interest; and providing any other relief that is appropriate;

C.  Grant Plaintiff her costs and a reasonable award of attorney's fees pursuant to 42 U.S.C. §1988;

D. Grant such other and further relief as is just.

## COUNT III/Title VII/Race Discrimination

33. Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations of ¶1 through ¶27 above.

34. The conduct more specifically alleged above violated Plaintiff's rights against race discrimination which discrimination is proscribed by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, at 42 U.S.C. sec. 2000e-2(a).

WHEREFORE, Plaintiff, FELICIA PRINCE, prays that this Court will:

A. Issue a declaratory judgment that Defendant has violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e, *et seq.*;

B. Enjoin Defendant and its agents from continuing to violate the rights of its employees, including PRINCE, and to make her whole through reinstatement or otherwise;

C. Grant PRINCE a judgment for damages against Defendant, including for lost wages, compensatory damages and prejudgment interest;

D. Award PRINCE her costs, including reasonable attorney's fees, and litigation expenses; and

E. Provide any other relief that is appropriate.

## COUNT IV/Title VII/Retaliation

35. Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations of ¶1 through ¶27 above.

36. The conduct more specifically alleged above violated Plaintiff's rights against retaliation for opposing unlawful employment actions, which retaliation is proscribed by Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e, *et seq.*

WHEREFORE, Plaintiff, FELICIA PRINCE, prays that this Court will:

A. Issue a declaratory judgment that Defendant has violated her rights under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e, *et seq.*;

B. Enjoin Defendant and its agents from continuing to violate the rights of its employees, including PRINCE, and to make her whole through reinstatement or otherwise;

C. Grant PRINCE a judgment for damages against Defendant, including for lost wages, compensatory damages and prejudgment interest;

D. Award PRINCE her costs, including reasonable attorney's fees, and litigation expenses; and

E. Provide any other relief that is appropriate.

### Jury Demand

Plaintiff requests trial by jury on all issues so triable.

Dated: May 30, 2016
Plantation, Florida

Respectfully submitted,

s/Robert S. Norell
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
ROBERT S. NORELL, P.A.
300 NW 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for Plaintiff